UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROSALIND MARIE GRADDY,** : | **CIVIL ACTION** |
| Plaintiff, : | |
| : | |
| v. : | **NO. 13-4432** |
| : | |
| **THE CHILDREN'S HOME** : | |
| **OF EASTON, ET AL.,** : | |
| DefendantS. : | |

## <u>M E M O R A N D U M</u>

**Stengel, J.**                                                                                           **January 6, 2016**

The plaintiff, Rosalind Marie Graddy, has filed a suit against her former employer the Children's Home of Easton ("the Home") and various employees of the Home. She alleges that the defendants violated her rights under the Pennsylvania Whistleblower Law. Her complaint also contains claims of race, gender, and age discrimination under state and federal law. The defendants have moved to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons I will grant the defendants' motion to dismiss.

**I.       BACKGROUND**

The plaintiff's complaint[1] contains few facts regarding the nature of the employment relationship between the two parties and the plaintiff's allegations of

---

[1] Without leave of the Court and before the original complaint was served upon the defendants, plaintiff filed a document that was docketed as an "Amended Complaint" on November 8, 2013. <u>See</u> Doc. No. 4. This one page document essentially reiterates the allegations of the plaintiff's earlier complaint, except that she contended that she was subjected to negative treatment "from the year 2006 each day throught

1

discrimination.  See generally Doc. No. 3.  What can be gleaned from her pleadings is that the plaintiff was employed by the Home in some capacity beginning in 2006.[2]  See Doc. No. 3 at 3.  She was terminated on June 22, 2011.[3]  See id.

The plaintiff's complaint contains general allegations that she was subjected to discrimination on the basis of race, gender, and age.  Id. at 6-7.  It also contains a general allegation that she was discriminated against because she served as a "whistleblower."  Id. at 7.  The complaint the plaintiff filed with the Pennsylvania Human Relations Commission ("PHRC") on September 9, 2011,[4] however, contains many more details regarding her allegations.  See generally Doc. No. 15-3.  Although the plaintiff did not attach a copy of the PHRC complaint to her federal complaint, I may consider it because the defendants have attached it to their motion to dismiss and it is an "undisputedly authentic" document upon which the plaintiff's claims are based.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).  Plaintiff's

---

(sic) to 2012 and wrongfully terminated."  Id. at 1.  She also attached a right to sue notice from the EEOC, dated April 40, 2013.  See id. at 2.

[2] Although the parties dispute the exact date of her hire, they both agree that she commenced employment with the Home at some time in 2006.  The exact date, however, is irrelevant to the disposition of this matter.

[3] In the document plaintiff docketed as an Amended Complaint, the plaintiff contends that she was subjected to the alleged negative treatment from "the year 2006 each day throught (sic) to 2012."  Doc. No. 4 at 1.  While this implies that the plaintiff was employed in 2012, she never makes that assertion in any of her pleadings.  Instead, in the plaintiff's complaint she states that she was employed through June 22, 2011.  Doc. No. 3 at 3.  Defendants do not contest that plaintiff was terminated on June 22, 2011.  See Doc. No. 15 at 2.

[4]  Although plaintiff did not attach a copy of this complaint to her complaint, I may consider the complaint as it is an "undisputedly authentic" document upon which the plaintiff's claims are based that the defendants have attached to their motion to dismiss.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).

2

PHRC complaint contains allegations of race, gender, and age discrimination.[5]  See generally Doc. No. 15-3.

### a. Allegations of race discrimination

According to its website, the Home is a "private, nonprofit organization established in 1885, [that] provides a caring, nurturing environment for children in need, as well as, assistance to their families."  See The Children's Home of Easton, (Jan. 6, 2015), http://thechildrenshome.org.  Plaintiff is an African-American female.  Id. at 2.  The Home hired the plaintiff as a House Parent on June 10, 2006.  Id. at 3.  Plaintiff contends she was compensated less favorably than her Caucasian counterparts.  While employed by the Home, the plaintiff was paid $10.00 per hour.  Id. She also was provided with a weekend pay incentive.  Id.  Four Caucasian House Parents, however, were paid $11.00 per hour with a weekend incentive.  Id.  The plaintiff's and the four Caucasian House Parents' jobs "were substantially equal with respect to skill, effort, and responsibility because they [were] all done under the same job description."  Id.

The plaintiff also alleges that she was denied overtime, unlike her Caucasian counterparts.  Id. at 6.  Every summer, three Caucasian House Parents were paid to work one day each week as overtime.  Id.  One was also paid to work overtime "[a]fter the school programs on Fridays."  Id.  Although the plaintiff was qualified to complete the work required as overtime, the plaintiff was not scheduled to work overtime despite her repeated requests to do so.  Id.

---

[5] The PHRC complaint also was filed the same day with the U.S. Equal Employment Opportunity Commission.  Doc. No. 15-3 at 10.

Additionally, the plaintiff contends that the Home treated the Caucasian House Parents more favorably. Id at 4. For example, the plaintiff alleges that during quiet hours each day, two Caucasian House Parents were permitted to allow their residents to play outside. Id. Plaintiff, however, was "forced" to keep her residents quiet and inside the Home. Id. This caused "great conflict." Id. Furthermore, the Caucasian House Parents were permitted to use the Home's vans and were provided with funds to entertain their residents "almost every weekend." Id. The plaintiff, however, was never permitted to use the vans on the weekends to entertain her residents. Id. This also created "great conflict." Id. Additionally, the plaintiff's cottage was the only cottage without alarms on the exits. Id. at 5. This made "keeping tabs on [her] residents much more difficult. Id. Lastly, unlike three Caucasian House Parents, plaintiff was required to stay in the residents' cottages on Sunday nights. Id.

Plaintiff further alleges that while one Caucasian House Parent received college credits and supervisory training, she received no such assistance from the Home despite requesting it. Id. When a Caucasian House Parent suffered an injury at work, the plaintiff was instructed to help her with her work. Id. Plaintiff, however, who also sustained an injury at work, was provided with no such assistance. Id. Instead, she was sent home without pay. Id. Plaintiff believes that she was treated differently because of her race and that the differential treatment was "an attempt to make [her] working conditions so difficult that [she] would resign." Id.

Additionally, plaintiff contends that she was disciplined differently because of her race. On May 2, 2011, the plaintiff was provided with a written warning involving an

4

event that occurred with her residents. Id. at 7. The Home later rescinded that written warning. Id. Caucasian House Parents, however, were not disciplined in the same manner as she was even for events that the plaintiffs considers more egregious. Id.

Lastly, the plaintiff alleges that she was terminated because of her race. The Home discharged the plaintiff after it "reviewed [her] record" and determined that her "services [were] no longer required." Id. at 10. Other Caucasian House Parents were not discharged. Id.

### b. Allegations of gender discrimination

On June 13, 2011, the plaintiff was issued a written warning for poor performance. Id. at 8. The Campus Supervisor, defendant Jamie Bickett, told her that "residents [were] acting up because the staff [was] not doing its job." Id. (internal quotation marks omitted). Plaintiff was further warned that the Home would terminate her if her performance did not change. Id. "Ciria (last name unknown), female Case worker"[6] also told plaintiff that it was a "free-for-all on the weekends." Id. at 9. Neither defendant Bickert nor defendant Ciarra, however, said anything to the male House Parent who worked with the plaintiff in the same cottage at the same time. Id. at 8-9.

Plaintiff also contends that she was disciplined differently because of her gender. On June18 and June 19, 2011, the Home suspended the plaintiff without pay after she missed a weekly team meeting. Id. at 9. Plaintiff missed the meeting because she was sick. Id. Despite calling defendant Bickert to inform her that she was sick and providing

---

[6] In her Complaint, plaintiff names "Ciarra/Case worker" and Jamie Bickett as defendants. See Doc. 3 at 1. Because the defendants concede that these individuals were in fact mentioned in the PHRC complaint, I need not determine whether these individuals are in fact the same individuals named in the plaintiff's federal complaint. See Doc. No. 15-1 at 7.

5

her with a doctor's note, the Home suspended the plaintiff without pay for two days. Id. Male House Parents, who often did not attend weekly team meetings and who also failed to log daily activities and/or medications in the log book, were not disciplined or suspended without pay. Id. Thus, the plaintiff contends that she was discriminated against because of her gender.

### c. Allegations of age discrimination

The plaintiff also alleges that she was subject to age discrimination. Id. at 4. Plaintiff is over 40.[7] Id. As noted above, the Home paid the plaintiff $10.00 an hour plus a weekend pay incentive to serve as a House Parent. Id. at 3. The Home paid another House Parent, Cindy Hall, $11.00 per hour plus a weekend pay incentive to perform the same type of work as the plaintiff. Id. Ms. Hall, however, was 28 years old. Id. at 4. Plaintiff believes that the Home paid her differently because of her age. Id. at 3-4.

## II.   STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.[8] Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must accept all factual allegations in the

---

[7] On September 9, 2011, when the plaintiff filed her complaint with the PHRC, she was 49 years of age. Doc. No. 15-3 at 4.

[8] In deciding a motion to dismiss, the court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Furthermore, as noted supra, the court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. Id.

complaint as true and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks Cnty. Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Serv. Ctr., 464 F.3d 450, 456 (3d Cir. 2006)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III. DISCUSSION

Because the plaintiff is pro se, I must liberally construe her pleadings. See, e.g., Haines v. Kerner, 404 U.S. 519, 520–521 (1972); see also United States v. Day, 969 F.2d 39, 42 (3d Cir.1992). Nonetheless, I will grant the defendants' motion to dismiss the plaintiff's Pennsylvania Whistleblower Law claims against all defendants with prejudice.

Additionally, I will grant the defendants' motion to dismiss the plaintiff's Title VII and ADEA claims against the individual defendants with prejudice.  Lastly, I will dismiss plaintiff's Pennsylvania Human Relations Act ("PHRA") claims against defendants Chairman of the Board, Dr. Gregg Dowty, Jean Parkawski, Jen, Nurse, and Kenda Carmen with prejudice, while I will dismiss her PHRA claims against defendants Anita Pawkovitz, Jamie Bickert, and Ciarra without prejudice.

### a. Plaintiff's whistleblower claims

The Pennsylvania's Whistleblower Law, 43 P.S. §§ 1421 *et seq.* provides that "[n]o employer may discharge, threaten or otherwise discriminate or retaliate against an employee . . . because the employee . . . makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste."  43 P.S. § 1423(b); see also McAndrew v. Bucks Cnty. Bd. of Comm'rs, 982 F. Supp. 2d 491, 503 (E.D. Pa. 2013) (discussing the protections of Pennsylvania's Whistleblower Law).  Further, the law mandates that an individual must bring an action under the law "within 180 days after the occurrence of the alleged violation."  43 Pa. Stat. Ann. § 1424; see also Brown v. Montgomery Cnty., 470 F. App'x 87, 89 (3d Cir. 2012).  As the Third Circuit has noted, "[t]his 180–day time limit is mandatory and must be strictly applied." Brown, 470 F. App'x at 89 (internal quotation marks and citations omitted).

Here, the defendants argue that the plaintiff's whistleblower claims must be dismissed because she failed to bring her claims within the 180 days mandated by the statute.  As a threshold matter, I should note that the neither the plaintiff's complaint nor

her PHRC complaint – even when construed liberally – contain any factual allegations to support her claim that the defendants violated the Pennsylvania Whistleblower Law. On that basis alone defendants' motion should be granted.

Even if I assume that the adverse action of which plaintiff complains is her termination – which is entirely unclear from the complaint and her response to the defendants' motion to dismiss – the plaintiff's whistleblower claims also are time barred. The plaintiff filed her complaint with this Court on August 6, 2013. See Doc. 3. That complaint was filed 776 days after her termination from the home on June 22, 2011. See id. at 3. Thus, because the plaintiff's Complaint was filed well outside of the 180 day time period prescribed by the Pennsylvania Whistleblower Law, her whistleblower claims must be dismissed. Because amendment would be futile, I will dismiss this claim with prejudice.[9]

### b. Plaintiff's race, gender, and age discrimination claims

Plaintiff brings race and gender discrimination claims pursuant to Title VII of the Civil Rights Act of 1964 and age discrimination claims pursuant to the ADEA against both the Home and a group of individual defendants. Plaintiff also asserts claims of race,

---

[9] Plaintiff also filed a complaint with the PHRC on September 9, 2011. See Doc. No. 15-3. While this complaint was filed within the 180-day time period – again assuming that the complained of employment action was her termination – the act of filing this complaint with the PHRC was not sufficient to toll the 180-day statue of limitations. See N'Jai v. Floyd, No. CIV.07-1506, 2009 WL 4823839, at *20 (W.D. Pa. Dec. 9, 2009) aff'd, 386 F. App'x 141 (3d Cir. 2010) (noting that because Pennsylvania's Whistleblower Law is not subject to exhaustion through the PHRC, the filing of a complaint with the PHRC is not sufficient to toll the Pennsylvania Whistleblower Law's 180-day statute of limitations); Plemmons v. Pennsylvania Mfrs. Ass'n Ins. Co., No. CIV. A. 90-2495, 1991 WL 61128, at *2 (E.D. Pa. Apr. 13, 1991) (holding that the filing of a complaint with the EEOC is not sufficient to satisfy the Pennsylvania Whistleblower Law's 180-day statute of limitations).

gender, and age discrimination under the PHRA. Her federal complaint, however, contains no factual allegations to support any of her claims of discrimination. Thus, to prevail at this stage the plaintiff must have provided factual allegations in her PHRC complaint and that complaint must be sufficient to establish her right to relief against the named parties. It is clear from a review of the pleadings, however, that the plaintiff has not met her pleading burden at this stage.

### i. Plaintiff's Title VII and ADEA claims against the individual defendants

As a threshold matter, plaintiff can neither state a claim against the individual defendants under Title VII nor the ADEA. While the two statutes provide causes of action against employers for workplace discrimination, "neither statute extends that cause of action to the employer's employees in their individual capacity." Barthold v. Briarleaf Nursing & Convalescent Ctr. Nursing Home, No. CIV.A. 13-2463, 2014 WL 2921534, at *2 (E.D. Pa. June 27, 2014) (citing Hill v. Borough of Kutztown, 455 F.3d 225, 246 (3d Cir. 2006)("the ADEA does not provide for individual liability") and Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996) ("we are persuaded that Congress did not intend to hold individual employees liable under Title VII.")). For this reason, plaintiff's Title VII and ADEA claims against the individual defendants – the Chairman of the Board, Dr. Gregg Dowty, Anita Pawkovitz, Jean Parkawski, Jamie Bickert, Jen, Ciarra, Nurse, and Kenda Carmen – will be dismissed with prejudice.

### c. Plaintiff's PHRA claims against the Chairman of the Board, Dr. Gregg Dowty, Jean Parkawski, "Jen," "Nurse," and Kenda Carmen

The defendants next argue that plaintiff's PHRA claims should be dismissed. Specifically, they contend that because the plaintiff only named "The Children's Home of Easton" as the respondent in her Charge of Discrimination with the PHRC, she has failed to exhaust her administrative remedies as to the individual defendants.[10]

Generally, an employee must exhaust all administrative remedies by filing a Charge of Discrimination with the appropriate state or federal agency before filing suit under Title VII or the PHRA." Urey v. E. Hempfield Twp., No. CIV.A. 08-5346, 2009 WL 561664, at *3 (E.D. Pa. Mar. 4, 2009)(citing Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984)). Thus, claims brought pursuant to Title VII and/or the PHRA may only be brought against a party named as a "respondent" in the administrative action. Schafer v. Bd. of Pub. Educ. of Sch. Dist. of Pittsburgh, 903 F.2d 243, 252 (3d Cir. 1990); 42 U.S.C.§2000e-5(f)(1); see also Huggins v. Coatesville Area Sch. Dist., No. CIV.A. 07-4917, 2008 WL 4072801, at *5 (E.D. Pa. Aug. 27, 2008) ("In exhausting his administrative remedies, the plaintiff is required to specifically name all persons alleged to have committed acts of discrimination."). This rule serves to ensure that implicated parties are alerted of the allegations against them. Kunwar v. Simco, 135 F.Supp.2d 649, 653 (E.D. Pa. 2001). It also serves to encourage an informal conciliation process in lieu of trial. Id.

---

[10] As the Defendants note in their Brief in Support of their Motion to Dismiss, the plaintiff did not identify or mention the following defendants in the body of her PHRC complaint: Chairman of the Board, Dr. Gregg Dowty, Jean Parkawski, "Jen," "Nurse," and Kenda Carmen. See Doc. No. 15-1 at 4-5.

I will dismiss the plaintiff's claims against the Chairman of the Board, Dr. Gregg Dowty, Jean Parkawski, "Jen," "Nurse," and Kenda Carmen.  As the Defendants note in their Brief in Support of their Motion to Dismiss, the plaintiff did not identify or even mention these defendants in the body of her PHRC complaint.  Doc. No. 15-1 at 4-5; see generally Doc. No. 15-3.  As such, the plaintiff has not only failed to exhaust her administrative remedies with respect to these defendants, but she has also failed to provide any factual allegations to support her claims.  Therefore, I will dismiss her PHRA claims against these defendants with prejudice.

### d. Plaintiff's claims against Anita Pawkovitz, Jamie Bickert, and Ciarra

The Court of Appeals for the Third Circuit, however, has recognized under certain circumstances an exception the general rule that a PHRA claim may only be brought against a party named as a respondent in the administrative action.  See Schafer, 903 F.2d at 252.  Under this exception, a plaintiff is permitted to sue a party that was not specifically named in the Administrative Charge "when the unnamed party received notice and when there is a shared commonality of interest with the named party."  Id.; see also Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d Cir. 1980), vacated on other grounds, 451 U.S. 935 (1981) (four-part test for exception to exhaustion requirement).  Furthermore, this exception only applies when the unnamed party received actual notice that the plaintiff had filed the charge with the PHRC and/or EEOC.  See, e.g., Miles v. City of Philadelphia, Civ. Act. No. 11-4040, 2012 WL 525737, at *8 (E.D. Pa. Feb. 17, 2012) (finding the plaintiff's failure to allege that the individual plaintiff had ever received actual notice of the PHRC complaint fatal to the application of the exception to

the general rule precluding suit against unnamed parties in the administrative complaint); see also Christaldi-Smith v. JDJ, Inc., 367 F. Supp. 2d 756, 764 (E.D. Pa. 2005) ("The Third Circuit has construed 'received notice' to require a showing that the unnamed party had actual knowledge of the EEOC complaint.").

Several district courts in our circuit have applied this exception and found plaintiffs to have exhausted administrative remedies with respect to individual defendants if the body of the EEOC and/or PHRA complaint at issue named the defendants and described the particular acts of discrimination committed by the individual defendants. See Huggins, 2008 WL 407280, at *6 (E.D. Pa. Aug. 27, 2008) (finding that although the plaintiff failed to name the school principal as a respondent in the Charge, there was sufficient reference to the principal and his alleged misconduct in the Charge to satisfy the exhaustion requirement); Kunwar, 135 F. Supp. at 653-654 (finding that individual defendants were sufficiently put on notice because plaintiff's EEOC charges specifically referred to the individual defendants); Cardamone v. Murray Mgmt., Civ. A. 3:05-CV-0679, 2005 WL 3478320 at **2-3 (M.D. Pa. Dec. 19 2005) (same); Glickstein v. Neshaminy Sch. Dist., No. CIV. A. 96-6236, 1999 WL 58578, at *6 (E.D. Pa. Jan. 26, 1999) (same); Dreisbach v. Cummins Diesel Engines, 848 F. Supp. 593, 597 (E.D. Pa. 1994) (same); Kinnally v. Bell of Pennsylvania, 748 F. Supp. 1136, 1140 (E.D. Pa. 1990) (same); but see Hajzus v. Peters Twp. Sch. Dist., No. 2:06cv1401, 2007 WL 917082, at *3 (W.D. Pa. Mar. 23, 2007) (dismissing allegations against individual defendants where the plaintiff's PHRA complaint did not name those defendants as respondents to the administrative action, or contain allegations that the individual defendants aided and

abetted in any discriminatory acts); Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985) (applying the Glus factors, and concluding that a union and an employer did not have the requisite identity of interests where the employee only named the employer in the Charge).

Here, the plaintiff names defendants Anita Pawkovitz, Jamie Bickert, and Ciarra[11] in the body of her PHRC complaint. She has made no allegations, however that these individuals had actual knowledge of the PHRC complaint, as required to invoke the exception to the general rule prohibiting suit against a non-named party. As such, I will dismiss the plaintiff's PHRA claims against these defendants. Because the plaintiff may still be able to establish that defendants Anita Pawkovitz, Jamie Bickert, and Ciarra are liable under the PHRA, I will only dismiss the plaintiff's claims without prejudice.

Unlike Title VII and the ADEA, individuals may be held liable under the PHRA. See 43 Pa. Stat. Ann. § 955. The PHRA extends liability to any persons who "aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice . . ." Id. §955(e). "Courts have limited the reach of this language to supervisory employees who either fail to act to stop discriminatory treatment or directly discriminate against the plaintiff." Abdul-Latif v. Cnty. of Lancaster, 990 F. Supp. 2d 517, 532-33 (E.D. Pa. 2014); see also Dici v. Commw. of Pennsylvania, 91 F.3d 542, 552–53 (3d Cir.1996); Destefano v. Henry Michell Co., 99–CV–5501, 2000 WL

---

[11] The plaintiff names the following individuals in her PHRC complaint "Anita Jo Paukovits," "Jamie Bickett," and "Ciria (last name unknown)." See Doc. No. 15-3 at 6, 7, 8 and 9. Because the defendants conceded that these individuals were in fact mentioned in the PHRC complaint, I need not determine whether the individuals are in fact the same individuals named in the plaintiff's federal complaint. See Doc. No. 15-1 at 7.

14

433993 at *2 (E.D. Pa. Apr. 13, 2000) (citing Frye v. Robinson Alarm Co., Civ. A. No. 97–0603, 1998 WL 57519, at *4 (E.D. Pa. Feb. 11, 1998)). In doing so, the courts have reasoned that such liability is appropriate because supervisory employees can share the discriminatory intent and purpose of the employer. Id.; see also Destefano, 2000 WL 433993 at *2 (citing Frye, 1998 WL 57519, at *4).

Here, it is unclear from the face of the plaintiff's PHRC complaint whether these named individuals were supervisors capable of being held liable under the PHRA. While the plaintiff notes that "Jamie Bickett (sic)" was the "sex female Campus Supervisor," and that "Anita Jo Paukovits" was the "Executive Vice President," she provides no details to support a claim that either one "failed to act to stop discriminatory treatment or directly discriminate against the plaintiff." Abdul-Latif, 990 F. Supp. 2d at 532-33. Nor does the plaintiff provide any information regarding whether Ciarra was a supervisor. Without such information it is impossible to determine whether plaintiff can properly sustain a claim under the PHRA against these individual defendants. Therefore, I will dismiss the plaintiff's PHRA claims against these individual defendants named in the PHRC complaint without prejudice.[12]

### IV.   CONCLUSION

For the foregoing reasons, I will grant the defendants' motion to dismiss the plaintiff's Pennsylvania Whistleblower Law claims against all parties. I will also grant the defendant's motion to dismiss the Title VII and ADEA claims against all of the individual defendants with prejudice. Lastly, I will dismiss the plaintiff's PHRA claims

---

[12] To prevail, the plaintiff also will have to demonstrate that the exception to the general rule prohibiting suit against unnamed parties in an administrative complaint applies to these individual defendants.

against the Chairman of the Board, Dr. Gregg Dowty, Jean Parkawski, "Jen," "Nurse," and Kenda Carmen with prejudice, while plaintiff's PHRA claims against Anita Pawkovitz, Jamie Bickert, and Ciarra are dismissed without prejudice.

I should note that the defendants have not moved to dismiss the plaintiff's Title VII, ADEA, or PHRA claims against the Home. While I will dismiss the plaintiff's Pennsylvania Whistleblower Law claim with prejudice against the Home, as discussed above, her remaining claims against the Home under Title VII, the ADEA, and the PHRA will proceed.

An appropriate order follows.